## Moran et ux v. McLaughlin, etc.

*Ralph G. Mastriani*, for plaintiffs.
*John P. Mahon*, for defendant.

HOBAN, P. J., March 22, 1952.—Judgment was purported to be entered after præcipe upon a confession of judgment in a lease, but the amount for which the judgment was entered was based upon an affidavit alleging that the tenant had damaged the property to a certain extent. Even if default under the provisions of the lease placing liability upon the tenant for damage could be established by affidavit, it is clear that a judgment could not be entered on this lease by the prothonotary on præcipe or upon presentation of the lease under the Act of February 24, 1806, P. L. 334, 4 Smith's Laws, 270, sec. 28, 12 PS §739. The entry of judgment, therefore, was defective on its face and the judgment must be stricken from the record.

Plaintiff has evolved the theory that since execution proceedings have been started, no stay of execution can be had without the entry of special bail, under the provisions of section 4 of the Executions Act of June 16, 1836, P. L. 755, 12 PS §2203. Sections 3 and 4 of the Executions Act were remedial provisions for the benefit of execution debtors who could procure stays of execution for certain periods after filing a recognizance and a plea of freehold or the entry of special bail. Section 4 has nothing to do with the situation here. A judgment creditor who attempts to issue execution upon an invalid judgment does so at his peril. The court in any proceeding to question the validity of a judgment may stay proceedings with or without security as the situation may demand. Security is not demanded by virtue of the provision of the Executions Act cited.

Now, March 22, 1952, the rule to show cause why the above entitled judgment should not be stricken from the record is made absolute, and the judgment entered in the above-captioned case is directed to be stricken from the record.